**Richard C. ST. CLAIR and Gudrun E. St. Clair, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 90–00622.

United States District Court, E.D. Virginia, Richmond Division.

Sept. 10, 1991.

As Amended Oct. 11 and Oct. 25, 1991.

Walter Jervis Sheffield, Sheffield & Bricken, Fredericksburg, Va., for Gudrun E. and Richard C. St. Clair.

Robert William Jaspen, U.S. Atty.'s Office, Richmond, Va., Margaret M. Earnest, Trial Atty., Tax Div., U.S. Dept. of Justice, John B. Raftery, Washington, D.C., for the U.S.

### MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on the parties' cross motions for summary judgement pursuant to Fed.R.Civ.P. 56. The issues have been fully briefed and argued, and the matter is ripe for disposition.

Plaintiffs, Richard C. St. Clair and Gudrun E. St. Clair, bring this action against defendant, United States of America, seek-

ing recovery of $4,498.00 paid in income taxes for the taxable year ended December 31, 1988. In February of 1989, plaintiffs filed a joint tax return for the 1988 tax year on which they included in their taxable income for that year a $23,514.00 lump sum payment received by Mr. St. Clair upon his discharge from the Air Force. Plaintiffs later sought a refund in the amount of $4,498.00, claiming that the $23,514.00 lump sum payment was not taxable income. After the Internal Revenue Service denied the St. Clair's refund request, plaintiffs instituted the present action in this Court, jurisdiction of which is based on 28 U.S.C. § 1346(a).

*Background*

Richard C. St. Clair was a Staff Sergeant on active duty with the United States Air Force until October of 1988 when a Physical Evaluation Board (the Board) determined that St. Clair had a physical disability that was sufficiently serious to warrant separation from active duty. After the Board's determination, St. Clair was discharged with disability severance pay in accordance with 10 U.S.C. §§ 1203, 1208, and 1212. Under section 1212, St. Clair received a lump sum disability severance payment of $23,514.00 upon his discharge. Subsequently in March of 1989, the Veterans Administration (the VA) verified that St. Clair had suffered a 10% disability while he was on active duty with the Air Force and determined that St. Clair was entitled to VA disability benefits for the same. The VA informed St. Clair that it would withhold $73.00 a month from St. Clair's disability entitlement until the full amount of St. Clair's $23,514.00 disability severance payment had been recouped. The VA took this action pursuant to 10 U.S.C. § 1212(c), which provides that the amount of any disability severance pay received by a former member of the armed forces shall be deducted from any future VA disability benefits to which the serviceman might become entitled.

*Discussion*

■ The parties agree that the sole legal issue before the Court is whether the $23,514.00 payment to plaintiff St. Clair is in-cludable in his gross income for the year 1988. The United States Tax Code provides that gross income includes "all income from whatever source derived." 26 U.S.C. § 61(a). Unless Congress has specifically exempted certain income from inclusion in the computation of gross income, the broad language of Section 61(a) demands its inclusion. See *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 430, 75 S.Ct. 473, 476, 99 L.Ed. 483 (1955). Consequently, the payment to the St. Clairs must be included in the calculation of their 1988 income absent a specific exclusionary provision. One such provision—the one at issue herein—excludes from gross income "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces ..." 26 U.S.C. § 104(a)(4).

■ The United States argues that the disability severance payment to St. Clair does not fall within the exception provided in 26 U.S.C. § 104(a)(4). Apparently finding no cases directly on point, the United States analogizes to a line of cases decided regarding "readjustment" payments made pursuant to 10 U.S.C. § 687. This provision, which was repealed in 1981, provided a lump sum *readjustment* payment to discharged members of the armed forces to aid their re-entry into civilian life. The Tax Court generally has considered payments under this repealed provision to be gross income. See *Berger v. Commissioner*, 76 T.C. 687, 689 (1981); *Felman v. Commissioner*, 49 T.C. 599 (1968).

Several times the Tax Court has considered the situation where former servicemen received readjustment payments and subsequently received VA disability awards. When this occurred the recipients were required pursuant to 10 U.S.C. § 687(b)(6) (1976) to allow the VA to withhold disability payments until the government had recouped 75% of the earlier readjustment payment. Petitioners argued in these cases that the withholding of the VA disability benefits transformed the readjustment payment into a disability payment that was excludable from gross income. The Tax Court disagreed and held that the

readjustment payment remained gross income regardless of the fact that 75% of it was later recouped. See, e.g., *Berger v. Commissioner*, 76 T.C. 687 (1981); *Custis v. Commissioner*, 45 T.C.M. (CCH) 40 (1982).

In opposition to the government's Motion for Summary Judgment, plaintiffs argue that cases regarding readjustment pay under 10 U.S.C. § 687 are inapplicable to the case at bar. Plaintiffs point out that petitioners in those cases were not discharged due to physical disabilities. In *Berger*, 76 T.C. at 688, the petitioner was dismissed due to a general reduction in the workforce, and in *Custis*, 45 T.C.M. (CCH) at 40, the petitioner was involuntarily discharged after twice being passed over for a promotion.

In the Court's view, the position of the United States that the disability severance payment is analogous to the readjustment payment is mistaken. Because the petitioners in *Berger* and *Custis* were not discharged due to a disability, those cases did not deal with the issue presented here: whether or not disability severance pay falls within 26 U.S.C. § 104(a)(4)'s exclusion for amounts received for "personal injuries or sickness resulting from active service in the armed forces." Furthermore, the real issue in *Berger* and *Custis* was whether VA benefits that are setoff against an earlier award *render* the earlier award excludable. Plaintiffs herein do not argue that the VA setoff in this case renders the earlier award excludable. In contrast, the St. Clairs argue that the lump sum disability severance pay received by St. Clair upon his discharge from the Air Force is an excludable disability payment *standing on its own*. The fact that the subsequent VA award is setoff against the lump sum disability payment, the plaintiffs assert, is irrelevant.

The United States would have this Court characterize the lump sum payment received by St. Clair as severance pay. Under Treasury Regulation 1.61–2(a)(1), any amount received by a member of the armed forces as severance pay is taxable income. However, the payment received by St. Clair was not merely severance pay, but *disability* severance pay calculated under 10 U.S.C. § 1212. Thus the payment arguably falls within the provisions of 26 U.S.C. 104(a)(4), which excludes from taxable income amounts received for personal injuries resulting from active service in the armed forces. Absent any guiding case law or definitive legislative history on the question, this Court must make a judgement as to whether disability severance pay falls within the exclusionary provisions of section 104(a)(4).

The documentation of St. Clair's discharge from the Air Force clearly indicates that the discharge was due to a physical disability and that the resultant severance payment occurred to compensate him for that disability. Given these facts, it is difficult to argue that disability severance pay does not fall within Section 104(a)(4)'s exclusion. The United States essentially argues that disability severance pay does not amount to a payment "for injury or sickness" incurred while in the army. The rationale of that argument escapes the Court. Furthermore, because disability severance payments are, of course, offered only where an injury necessitates discharge, to find that such payments are not "amounts received as ...a[n] allowance for personal injuries or sickness resulting from active service in the armed forces" would appear to contradict the plain meaning of the statutory language. See 10 U.S.C. §§ 1203 and 1212; 26 U.S.C. § 104(a)(4). Clearly Congress could have chosen to include in taxable income amounts received as disability severance pay, however the plain language of 26 U.S.C. § 104(a)(4) seems to manifest a contrary intent.

*Conclusion*

This matter is before the Court on cross motions for summary judgement. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgement is appropriate where, as here, there are no genuine issues as to any material facts, and the moving party is entitled to judgement as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153–161, 90 S.Ct. 1598, 1606–1610, 26 L.Ed.2d 142 (1970). The only

question raised by this action is a question of law, namely whether disability severance pay should be considered taxable income to the recipient. In the Court's judgement, such payments are most properly characterized as amounts received for personal injuries resulting from active service in the armed forces and are thus excludable from taxable income under 26 U.S.C. § 104(a)(4).

Accordingly, for the reasons stated above, the Court denies the United States' motion for summary judgement, and grants summary judgement in favor of the plaintiffs.

An appropriate order shall issue.