**Glenn E. LOVETT, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

**No. 95–5158.**

United States Court of Appeals, Federal Circuit.

April 9, 1996.

---

**144**

Glenn E. Lovett, Marianna, Florida, submitted Pro Se.

Gary S. Allen, Attorney, Department of Justice, Washington, DC, submitted for respondent. With him on the brief were Loretta C. Argrett, Assistant Attorney General, Gilbert S. Rothenberg and Theodore M. Doolittle, Attorneys.

Before NEWMAN, MAYER, and PLAGER, Circuit Judges.

Opinion for the court filed by Circuit Judge NEWMAN. Separate concurring opinion filed by Circuit Judge MAYER.

1. *Lovett v. United States,* No. 95–387T (Fed.Cl.

NEWMAN, Circuit Judge.

Glenn E. Lovett appeals the decision of the United States Court of Federal Claims,[1] dismissing his complaint for lack of subject matter jurisdiction. Acting on Mr. Lovett's complaint, the court held that the three year statute of limitations had expired for a refund claim based on Mr. Lovett's 1984 tax return. Mr. Lovett's argument is that this 1984 tax was not required to be paid, that he was not aware of the error made in paying the tax until he learned in 1994 of the decision in *St. Clair v. United States,* 778 F.Supp. 894 (E.D.Va.1991), and that his claim for refund was filed promptly thereafter. For the reasons discussed, the dismissal is affirmed.

## BACKGROUND

Mr. Lovett, in his 1984 tax return, treated as taxable income and timely paid income tax on the disability severance pay he received when he was discharged from the Army. In 1991 the district court for the Eastern District of Virginia held in an unrelated case that disability severance pay from the armed forces was not taxable income, interpreting the statute, which provides:

26 U.S.C. § 104(a) ... gross income does not include -

\* \* \* \* \* \*

(4) amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces ...;

The district court rejected the argument of the Internal Revenue Service concerning the application of § 104(a)(4) by stating:

The United States essentially argues that disability severance pay does not amount to a payment "for injury or sickness" incurred while in the army. The rationale of that argument escapes the Court. Furthermore, because disability severance payments are, of course, offered only where an injury necessitates discharge, to find that such payments are not "amounts received as ... a[n] allowance for personal injuries or sickness resulting from active

July 26, 1995).

service in the armed forces" would appear to contradict the plain meaning of the statutory language.

*St. Clair*, 778 F.Supp. at 896. The government did not appeal that decision.

Upon learning of the *St. Clair* decision, Mr. Lovett filed a claim for refund of the income tax he paid on his 1984 disability severance pay. The Internal Revenue Service denied the refund and denied his administrative appeal. Mr. Lovett then filed suit in the Court of Federal Claims. Before the United States answered the complaint, the court *sua sponte* held that the period for filing a refund claim had expired and dismissed the case for absence of subject matter jurisdiction. This appeal followed.

## OPINION

The Court of Federal Claims has jurisdiction to consider tax refund suits under 28 U.S.C. § 1346(a)(1). Thus it was inaccurate to dismiss the complaint for lack of subject matter jurisdiction. However, as we shall discuss, the court correctly held that the claim for refund was barred, based on the limitations period set in the Internal Revenue Code.

■■■ Dismissal based on application of a statute of limitations is subject to plenary review. *Applegate v. United States*, 25 F.3d 1579, 1581 (Fed.Cir.1994). In reviewing dismissal on the pleadings the factual allegations of the complaint are taken as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) ("it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader").

■■■ The Internal Revenue Code states the time limit for filing an income tax refund claim:

26 U.S.C. § 6511(a)—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, ...

The Code bars waiver of the time limits, 26 U.S.C. § 6514, with certain statutory exceptions not here asserted, *see* 26 U.S.C. §§ 6511(c),(d), 1311–1314. Thus the general rule applies, and the period of limitations will not be tolled for filing a claim for refund of a tax that has been paid or overpaid in error. *See Jones v. Liberty Glass Co.*, 332 U.S. 524, 534–35, 68 S.Ct. 229, 234–35, 92 L.Ed. 142 (1947) ("all income tax refund claims, whatever the reasons giving rise to the claims, must be filed within three years from the time the return was filed or within two years from the time the tax was paid"). As stated in *United States v. Dalm*, 494 U.S. 596, 609 n. 7, 110 S.Ct. 1361, 1369 n. 7, 108 L.Ed.2d 548 (1990):

That a taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she has a ground upon which to claim a refund, does not operate to lift the statutory bar.

On this precedent, the decision in *St. Clair* provides no basis for tolling the period of limitations applicable to Mr. Lovett's tax return for 1984.

■■■ Mr. Lovett raises the argument of equity. However, the Court has made clear that in the case of a tax paid or overpaid in error, relief is not available if the limitations period for credit or refund has run. The limited circumstances in which equitable recoupment or setoff has been permitted do not here exist. *See generally Dalm*, 494 U.S. at 610, 110 S.Ct. at 1369 (equitable recoupment can not override congressional judgment concerning exceptions to the limitations bar). As reaffirmed in *Dalm*, unless the claim was timely filed, a tax erroneously, illegally, or wrongfully collected may not be the subject of a refund claim. *Id.* The equitable strength of the arguments that Mr. Lovett had been given incorrect advice by veterans' advisors, or that the Service had been incorrectly requiring that such tax be paid, does not overcome the force and underlying policy of the Court's rulings in *Liberty Glass* and *Dalm*. Thus the Court of Federal Claims correctly

dismissed Mr. Lovett's claim as barred by the statutory period of limitations.

No costs.

*AFFIRMED.*

MAYER, Circuit Judge, concurring.

This case is controlled by *United States v. Dalm,* 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990), which addressed whether a district court had "jurisdiction" over a tax refund suit filed after the limitation periods of 26 U.S.C. § 6511(a) had passed. *Id.* at 601, 110 S.Ct. at 1364. The Court unequivocally stated that "unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' §§ 1346(a)(1), 7422(a), may not be maintained in any court." *Id.* at 602, 110 S.Ct. at 1365. That means the Court of Federal Claims did not have jurisdiction.