**Wanda G. WISE, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Internal Revenue Service, United States Department of the Treasury, Defendant.**

**No. Civ.A. H–99–4471.**

United States District Court, S.D. Texas, Houston Division.

Feb. 26, 2001.

---

**8.** The motion to amend and the motion for summary judgment were filed on the same day.

Darold Maxwell, Maxwell, Baker and McFatridge, League City, TX, for Plaintiff.

Jonathan R. Williams, Asst. U.S. Attorney, Dallas, TX, for Defendant.

## MEMORANDUM AND ORDER

STACY, United States Magistrate Judge.

Before the Court is Defendant's Motion to Dismiss or for Summary Judgment (Document No. 8) and Defendant's Supplemental Motion to Dismiss First Amended Complaint (Document No. 23). Having considered the motions, the responses, the allegations in Plaintiff's First Amended Complaint, and the applicable law, the Court ORDERS, for the reasons set forth below, that Defendant's Motion and Supplemental Motion to Dismiss are GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

### I. Background

Wanda G. Wise ("Wise") brought this claim against the Commissioner of Internal Revenue seeking to recover certain administrative and litigation costs she incurred in successfully disputing a trust fund recovery penalty assessment that was made against her by the Internal Revenue Service. In her Original Complaint, Wise sought to recover her administrative and litigation costs pursuant to 26 U.S.C. § 7430. Wise subsequently amended her Complaint to add a claim for wrongful collection under 26 U.S.C. § 7433. For different reasons, the Commissioner seeks the dismissal of both claims.

The underlying facts do not appear to be in dispute. Wise was married to Robert R. Deinarowicz, Sr. between March 31, 1991 and December 26, 1996. On December 13, 1996, the Internal Revenue Service ("IRS") assessed a trust fund recovery penalty of $80,299.81 against Wise for employment taxes that were not paid by Enviro Sealing Specialties, Inc., Deinarowicz's (Wise's then-husband's) business. The as-sessment was based on the IRS' determination that Wise was responsible for the unpaid employment taxes. With the assistance of counsel, Wise contacted the IRS on numerous occasions during 1997. On August 8, 1997, Wise, through counsel, presented the IRS with evidence that she was not responsible or liable for the unpaid employment taxes. On October 2, 1997, the Commissioner acknowledged that the assessment against Wise was invalid and abated the assessment. Thereafter, Wise sought to recover her administrative costs and attorneys fees for successfully disputing the assessment. On August 18, 1998, the District Director, James J. Walsh, denied Wise's request for attorneys fees and administrative costs. Wise then, on December 22, 1999, instituted this action.

### II. Discussion

Under 26 U.S.C. § 7430, certain costs and fees are recoverable by a prevailing party in a tax dispute. Section 7430(a) provides:

> **In general.**—In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for—
>
> (1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and
>
> (2) reasonable litigation costs incurred in connection with such court proceeding.

Subject matter jurisdiction over a request for administrative and litigation costs under § 7430 lies with the courts, including the United States District Courts and the United States Court of Claims, when there

is a substantive tax issue to be resolved. However, when the substantive tax issues have been resolved at the administrative level in the taxpayer's favor, subject matter jurisdiction over the taxpayer's request for administrative costs lies with the Tax Court. 26 U.S.C. § 7430(f) provides as follows:

(1) **Court proceedings.**—An order granting or denying (in whole or in part) an award for reasonable litigation or administrative costs under subsection (a) in a court proceeding, *may be incorporated as a part of the decision or judgment in the court proceeding* and shall be subject to appeal in the same manner as the decision or judgment.

(2) **Administrative proceedings.**—A decision granting or denying (in whole or in part) an award for reasonable administrative costs under subsection (a) by the Internal Revenue Service shall be subject to the filing of a petition for review with the Tax Court under rules similar to the rules under Section 7463 (without regard to the amount in dispute).

(emphasis added). In *Glantz v. United States,* 1997 WL 718474 *3 (Fed.Cl.1997), the Court of Claims held that the jurisdictional provisions are to be so interpreted:

Had the plaintiffs filed such a complaint, and had the plaintiffs been awarded a refund of the money levied from the bank accounts, as a result of this court's proceedings, this court would have jurisdiction over the plaintiffs' complaint for reasonable administrative and litigation costs. 26 U.S.C. § 7430(c)(4)(C)(ii) (1997). Because the plaintiffs settled their dispute with the I.R.S. administratively, they must now settle their dispute over attorneys fees administratively as well. If the I.R.S. administratively denies the plaintiffs' complaint for attorney's fees, the plaintiffs may then appeal

such a denial to the United States Tax Court, 26 U.S.C. § 7430(f)(2) (1997).

Because Wise settled her tax dispute with the IRS at the administrative level, she can only recover administrative and litigation costs through this proceeding if she has provided the Court with a substantive tax issue to resolve.

After the Commissioner had filed its Motion to Dismiss Wise's claim under § 7430, Wise amended her Complaint to add a claim under 26 U.S.C. § 7433, for wrongful collection actions by the IRS, arguably a substantive tax issue for this Court to resolve. The Commissioner countered with a Supplemental Motion to Dismiss the § 7433 claim on the basis that Wise had not stated a claim under § 7433 for which relief may be granted. Having considered the clear language of § 7433, the case law interpreting the scope of actions under § 7433, and the allegations in Wise's First Amended Complaint, construed in the light most favorable to Wise, the Court concludes that Wise has not stated a claim for relief under § 7433. Moreover, even if Wise had stated a claim against the United States under § 7433, such a claim is barred by the statute of limitations.

■ 26 U.S.C. § 7433 provides a cause of action and civil damages for unauthorized collection activities of the IRS:

(a) **In general.**—If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be

the exclusive remedy for recovering damages resulting from such actions.

Section 7433 provides for a civil action for damages resulting from a wrongful *collection* of federal taxes, not the wrongful assessment of taxes. *Shaw v. United States,* 20 F.3d 182, 184 (5th Cir.), *cert. denied,* 513 U.S. 1041, 115 S.Ct. 635, 130 L.Ed.2d 540 (1994); *see also Miller v. United States,* 66 F.3d 220, 222–23 (9th Cir.1995) (holding that section 7433 can only be used to attack unlawful collection practices, not the validity or merits of an assessment).

■ In this case, Wise alleges in her First Amended Complaint that she was not advised of her rights as a taxpayer during the administrative assessment process: "The Defendant violated the provisions of 26 U.S.C. § 7521(b) by failing to give the Plaintiff notice of her rights with respect to the proposed assessment of the Penalty." Plaintiff's First Amended Complaint (Document No. 16) at § 20. Such allegations do not relate to any *collection* action, but rather, to the IRS' actions during the *assessment* process. Accordingly, Plaintiff has not stated a claim for relief under 26 U.S.C. § 7433.

■ Even if Plaintiff had stated a claim under § 7433, such a claim is barred by the two year statute of limitations which governs claims under § 7433. Under § 7433(d)(3), "[n]otwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues." A right of action for wrongful collection practices under § 7433 accrues when the plaintiff has a reasonable opportunity to discover the elements of her claim under § 7433. 26 C.F.R. § 301.7433–1(g)(2). Here, ·as set forth above, Wise's claim under § 7433 is that she was not given notice of her rights as a taxpayer during the assessment process. That assessment process concluded on December 13, 1996, when Wise was assessed the trust fund recovery penalty. Moreover, the assessment was reversed on October 2, 1997, when the Commissioner acknowledged that the assessment was invalid. Plaintiff's Complaint in this case was filed on December 22, 1999, more than two years after Wise's alleged claim for wrongful collection practices under § 7433 could have accrued. As such, Wise's claim under § 7433, if indeed it could be construed that she has stated a claim for relief under § 7433, is barred by the two year statute of limitations in § 7433(d)(3).

■ Wise argues that the doctrine of equitable tolling should toll the two year limitations period and save her untimely § 7433 claim because she was misled by two letters she received from the IRS which suggested that the limitations period would be tolled so that she could file a claim under § 7433. Neither letter warrants the application of equitable tolling, if, in fact, such tolling is available in a case such as this. *See United States v. Brockamp,* 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997) (equitable tolling is not available to toll the limitations period in tax refund cases); *Becton Dickinson & Co. v. Wolckenhauer,* 215 F.3d 340 (3rd Cir. 2000) (holding that the statute of limitations for a wrongful levy claim against the IRS under 26 U.S.C. § 7426 is not subject to equitable tolling), *cert. denied,* 531 U.S. 1071, 121 S.Ct. 761, 148 L.Ed.2d 663 (2001); *but see Haber v. United States,* 831 F.2d 1051 (Fed.Cir.1987) (taxpayer was entitled to rely on IRS agent's representation as to the triggering event for statute of limitations purposes even if the agent's representation was erroneous).

James J. Walsh, District Director, denied Wise's request for reimbursement of administrative expenses in a letter he wrote to Wise's counsel on August 18, 1998. In that letter, Mr. Walsh also wrote:

If you wish to bring suit or other proceeding for the recovery of any tax, penalties, or other monies for which this disallowance notice is issued, you may do so by filing such a suit with the United States District Court having jurisdiction, or the United States Claim Court. The law allows you to do this within two years from the mailing date of this letter.

Exhibit 19 to Plaintiff's Response to Defendant's Motion to Dismiss or for Summary Judgment (Document No. 17). In a subsequent letter, sent to Wise's counsel on June 7, 1999, the new District Director, Paul Cordova, wrote:

We apologize for the hardship and emotional distress Ms. Wise has experienced as a result of this matter. Our investigation into the issues addressed in your letters has shown that the Service followed correct procedures for the issuance of the Letter 1153 sent to Ms. Wise with respect Enviro Sealing Specialties, Inc. Our investigation also shows Ms. Wise's claim for reimbursement of legal fees incurred as a result of this matter was thoroughly investigated by Houston District Counsel prior to denying the claim. We apologize for the delay between your original request for reimbursement for your client and our issuance of a letter denying Ms. Wise's claim. However, we want to assure you that even though it was not timely processed, your client's claim for reimbursement was given full and adequate consideration and review.

As stated in his letter to you dated August 18, 1998, District Director James

J. Walsh advised you that Ms. Wise had the option of filing suit in the United States District Court or United States Claims Court within two years from the mailing date of that letter. This alternative is still available to your client.

Exhibit 21 to Plaintiff's Response to Defendant's Motion to Dismiss or for Summary Judgment (Document No. 17).

No where in either letter is mention made of a claim by Wise under § 7433. Both letters are in response to Wise's request for reimbursement of administrative and legal expenses, a claim characterized by Wise as falling under § 7430. Given that Wise was represented by counsel, and given the complete absence of any reference to a claim under § 7433 in either Wise's correspondence to the IRS, or the IRS' correspondence to Wise, principles of equity do not weigh in favor of tolling the statute of limitations period on Wise's § 7433 claim in this case.

■ Because Wise has not stated a claim under § 7433 for which relief may be granted, and because such a claim, if one had been stated, would be barred by the applicable limitations period, Wise's claim under 26 U.S.C. § 7433 must be dismissed. Moreover, given that Wise's § 7433 claim must be dismissed, there is no substantive tax dispute for the Court to resolve, and accordingly, Wise's claim for administrative and litigation costs under § 7430 is subject to dismissal for lack of jurisdiction.

### III. Order

Based on the foregoing, it is

ORDERED that Defendant's Motion to Dismiss or for Summary Judgment (Document No. 8) and Defendant's Supplemental Motion to Dismiss First Amended Complaint (Document No. 23) are GRANTED, and Plaintiff Wanda G. Wise's claims un-

der 26 U.S.C. §§ 7430, 7433 are DIS-
MISSED WITH PREJUDICE.