In accordance with the Memorandum filed herewith,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed. The action is dismissed with prejudice.

**Walter E. BENNETT, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 8:03CV517.

United States District Court, D. Nebraska.

March 8, 2005.

Walter E. Bennett, Jr., Omaha, NE, pro se.

Joan Stentiford Ulmer, U.S. Department of Justice, Tax Division, Washington, DC, for Defendant.

## MEMORANDUM AND ORDER

CAMP, District Judge.

This matter is before the court on the following pending motions: (1) filing no. 16, the "Motion for Summary Judgment" filed by the plaintiff, Walter E. Bennett, Jr.; (2) filing no. 19, the "United States' Opposition to Plaintiff's Motion For Summary Judgment and Cross–Motion for Summary Judgment" filed by the defendant, the United States of America on behalf of the Internal Revenue Service ("IRS"); (3) filing no. 24, the plaintiff's "Motion to Add Exhibits;" and (4) filing no. 25, the defendant's "Motion to Strike Plaintiff's Motion to add Exhibits."[1] The plaintiff filed this action on December 15, 2003, after filing an administrative claim in February 2003, to recover damages for the losses and emotional distress he suffered as a result of collection activity by the IRS in connection with the plaintiff's 1990–1993 federal income taxes.

Specifically, the plaintiff seeks damages pursuant to 26 U.S.C. § 7432 for the IRS' failure to release certain tax liens on his property and pursuant to 26 U.S.C. § 7433 for wrongful collection activity by the IRS. 26 U.S.C. § 7432(a) states:

(a) In general.—If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Similarly, 26 U.S.C. § 7433(a) states:

(a) In general.—If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

However, the IRS contends that the applicable statutes of limitations bar the plaintiff's claims. See 26 U.S.C. § 7432(d)(3): "Period for bringing action—Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues." See also 26 U.S.C. § 7433(d)(3): "Period for bringing action—Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues." A cause of action "accrues" when "the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26

---

1. In filing no. 24, the "Motion to Add Exhibits," the plaintiff offers additional exhibits to support his request for equitable tolling, and in filing no. 25, the defendant moves to strike the plaintiff's Motion to add Exhibits. When reviewing the record in connection with a pending motion for summary judgment, the court may consider only materials which would be admissible or usable at trial. See,

e.g., *Erickson v. Farmland Industries, Inc.*, 271 F.3d 718, 727–28 (8th Cir.2001); *Mays v. Rhodes*, 255 F.3d 644, 648 (8th Cir.2001). Therefore, while the defendant's motion to strike will be denied, the exhibits included in filing no. 24 have been considered by the court as evidence only insofar as the contents of those materials would constitute admissible evidence at trial.

C.F.R. § 301.7432–1(i); 26 C.F.R. § 301.7433–1(g).

According to the IRS, the plaintiff had a reasonable opportunity to discover all essential elements of his causes of action by no later than February 18, 1998, when the tax liens on the plaintiff's property were released. The plaintiff does not dispute that date, but he relies on the doctrine of equitable tolling to extend the limitations period. During the relevant time, the plaintiff had an addiction to crack cocaine which he claims rendered him mentally incompetent, and, thus, the two-year statutes of limitations should be tolled. He cites *Wiltgen v. United States,* 813 F.Supp. 1387, 1394 (N.D.Iowa 1992) for the principle that the Internal Revenue Code does not preclude equitable tolling of a federal tax-related limitations period when a taxpayer is mentally incompetent. The court stated in *Wiltgen:*

> In order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits, the doctrine of equitable tolling may be applied to toll the running of a statute of limitations, provided it is in conjunction with the legislative scheme. The equitable tolling doctrine is read into every federal statute of limitations, and the decision whether the doctrine should be applied lies within the sole discretion of the court .... Equitable estoppel is a related equitable principle that looks to the conduct of one party in preventing another from exercising her rights or assuming inconsistent positions to the detriment of another.

*Id.* at 1394 n. 18.

Whether the statutes of limitations in 26 U.S.C. §§ 7432 and 7433 may be suspended by equitable tolling has not been definitively determined. However, in other contexts, courts have been reluctant to apply the doctrine of equitable tolling to statutes of limitations in the Internal Revenue Code. See, e.g., *United States v. Brockamp,* 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997) (doctrine of equitable tolling cannot be applied to extend the time for filing a tax refund claim under 26 U.S.C. § 6511, even when the taxpayer was mentally disabled from filing a timely refund claim). The decision in *Brockamp* applies to tax refund claims because the highly technical and complex language governing tax refunds suggests that implicit exceptions such as equitable tolling could not easily be read into the statute. *Id.* at 350–54, 117 S.Ct. 849. Sections 7432 and 7433 are less complex.

However, regardless of the possibility that equitable tolling may be permissible, the plaintiff has not demonstrated an adequate basis for tolling the limitations periods of 26 U.S.C. §§ 7432 and 7433 in this case. " '[T]olling is an extraordinary remedy which should be extended only sparingly.' .... Courts should toll a statute of limitations only when there is an inequitable event that prevents timely action .... The Supreme Court has recognized equitable tolling only 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.' " *United States v. Marsh,* 89 F.Supp.2d 1171, 1177 (D.Hawai'i 2000) (citations omitted). Those circumstances are not present in this case.

Instead, a claimant's illegal drug activity, unlike an involuntary mental illness, is not the kind of rare and exceptional circumstance warranting the intervention of equity to suspend a statute of limitations. In addition, notwithstanding the exhibits offered by the plaintiff in filing no. 24, the record contradicts the plaintiff's claim that he lacked the mental capacity to pur-

sue his legal rights during the relevant time. During the periods in which the plaintiff claims he was incapacitated by drugs, he obtained treatment for drug addiction at a veterans' hospital from which he was discharged in February of 1997, and he retained counsel, participated in divorce proceedings, initiated bankruptcy proceedings, purchased, sold and refinanced property, and, apparently, procured illegal drugs on a regular basis. Therefore, filing no. 16, the plaintiff's "Motion for Summary Judgment," will be denied, and the part of filing no. 19 which is the "United States' Opposition to Plaintiff's Motion For Summary Judgment" will be sustained.

The remaining matter in this case is the part of filing no. 19 which is the United States' "Cross–Motion for Summary Judgment." In its counterclaim (filing no. 9), the IRS claims the amount of $13,680.94 for the plaintiff's 1994 unpaid taxes, plus interest and penalties. In filing no. 19, the IRS seeks to reduce that liability to judgment.

### ORDER TO SHOW CAUSE

In filing no. 24 at 4, the plaintiff "admits he owes for tax year 1994" but states that he filed a tax return for 1994 during 2004. He "does not object to any offset by the IRS in the pursuit of their collection of these taxes." *Id.* However, it is not clear from the record whether the plaintiff disputes the amount claimed by the IRS in filing no. 9 and whether he has any other objection to the counterclaim.

Therefore, the plaintiff shall have until April 1, 2005 in which to file a Response to Order to Show Cause explaining any reason he may have why summary judgment should not be entered on the defendant's counterclaim. If the plaintiff chooses to present a showing of cause, he shall specify, in detail, with supporting materials, the specific area(s) of dispute and the basis for his opposing point of view. The part of filing no. 19 which is the defendant's "Cross–Motion for Summary Judgment" will be taken under advisement. If the plaintiff files a Response to Order to Show Cause disputing any aspect of the counterclaim, the defendant shall respond by April 20, 2005. In the absence of a timely and sufficient Response to Order to Show Cause by the plaintiff, summary judgment may be entered on the defendant's counterclaim and Cross–Motion for Summary Judgment without further notice.

THEREFORE, IT IS ORDERED:

1. That filing no. 16, the plaintiff's "Motion for Summary Judgment," is denied;

2. That the part of filing no. 19, which is the "United States' Opposition to Plaintiff's Motion For Summary Judgment" is sustained;

3. That the part of filing no. 19 which is the United States' "Cross–Motion for Summary Judgment" on its counterclaim is taken under advisement;

4. That filing no. 24, the plaintiff's "Motion to Add Exhibits," is granted to the extent the exhibits would constitute admissible evidence at a trial;

5. That filing no. 25, the defendant's "Motion to Strike Plaintiff's Motion to add Exhibits," is denied;

6. That by April 1, 2005, the plaintiff may file a Response to Order to Show Cause explaining any reason he may have why summary judgment should not be entered on the defendant's counterclaim;

7. That in the absence of a timely and sufficient Response to Order to Show Cause by the plaintiff, summary judgment may be entered on the defendant's counterclaim and Cross–Motion for Summary Judgment without further notice;

8. That if the plaintiff files a Response to Order to Show Cause disputing any aspect of the counterclaim, the defendant shall respond by April 20, 2005; and

9. That the foregoing decision is not a final and appealable order, see Fed. R.Civ.P. 54(b).