NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-5015

RICHARD N. WADLINGTON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  April 4, 2006

_____

Before SCHALL, LINN, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Richard N. Wadlington ("Wadlington") appeals the decision of the United States Court of Federal Claims Case No. 05-CV-578 (Sept. 28, 2005).  The Court of Federal Claims dismissed Wadlington's complaint for lack of jurisdiction because his request for a tax refund was untimely and the statute of limitations set forth in 26 U.S.C. § 6511 is not subject to equitable tolling.  We <u>affirm</u>.

While Wadlington concedes that his request for the tax refund was untimely, he contends that we should toll the statute of limitations set forth in § 6511.  Wadlington argues that he did not have an opportunity to file a timely refund because he was not

aware before the expiration of the statutory time period that he was entitled to the refund. However, controlling precedent on this issue is clear – it is of no consequence that the "taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she has a ground upon which to claim a refund." Lovett v. United States, 81 F.3d 143, 145 (Fed. Cir. 1996) (quoting United States v. Dalm, 494 U.S. 596, 609 n.7 (1990)). Further, in United States v. Brockamp, 519 U.S. 347 (1997), the Supreme Court unambiguously held that the statute of limitations set forth in § 6511 is not subject to equitable tolling. Thus, we must reject Wadlington's argument for equitable tolling and accordingly affirm the decision of the Court of Federal Claims.