In re Hershell Gene STEELE, Debtor.

Diane L. Jensen, Chapter 7 Trustee, Plaintiff,

v.

Fred Eck, Defendant.

Bankruptcy No. 9:05BK22038 ALP.
Adversary No. 06–0215.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Aug. 28, 2006.

Philip L. Burnett, Fort Myers, FL, for Debtor.

### ORDER ON DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR JUDGMENT ON THE PLEADINGS (Doc. No. 12)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 liquidation case of Hershell Gene Steele (Debtor) is a Motion to Dismiss or, in the Alternative, for a Judgment on the Pleadings filed in the above-captioned adversary proceeding. The Motion filed by the Defendant Fred Eck (Defendant) contends that the Complaint filed by the Trustee, who seeks to recover certain transfers as avoidable preferences, is fatally defective in that it affirmatively appears from the undisputed facts that the transfers the Trustee seeks to avoid occurred outside of the one-year period and, thus, cannot be avoided as preferential transfers as a matter of law.

The Trustee concedes that facially the dates of these transfers did indeed occur outside of the one year of the filing of the current case, which was filed on October 6, 2005. However, she asserts that, based upon the doctrine of equitable tolling, her preferential transfer claim is not barred. In support of this proposition, the Trustee contends that this particular Debtor had a previous Chapter 7 case which was filed on November 2, 2004, and was dismissed on February 17, 2005, and during the pendency of the first Chapter 7 case the relevant period was tolled; thus, the transfers that occurred on July 24, 2004, and August 30, 2004, respectively, did not occur outside of the one year which would be the controlling time period. In light of the fact that, according to the Trustee, the Defendant was a close friend of the Debtor at the time the payments were made, he is therefore deemed to be an insider within the meaning of that term defined by 11 U.S.C. Section 101(31)(A).

In support of the applicability of the doctrine of equitable tolling, the Trustee cites the case of *Young v. United States,* 535 U.S. 43, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002). *Young* involved a tax claim of the government which was contended by the debtors to be a dischargeable obligation in that it was due and owing more than three years from the filing of the bankruptcy case; thus, according to Section 523(a)(1), the tax debt was dischargeable.

The Supreme Court in *Young* did hold that the three-year look-back period is a limitation on the period subject to the traditional principles of equitable tolling. The Court went on to hold that since there is nothing in the Bankruptcy Code which precludes equitable tolling of the look-back period, the courts below properly excluded from the three-year limitation period the time during which the Young's Chapter 13 case was pending. Accordingly, the Trustee applying *Young* to the present case, claims the one year period was suspended based on the doctrine of equitable tolling and, therefore, the transfers the Trustee seeks to avoid were in fact within the one-year period and thus recoverable as an insider voidable preference pursuant to Section 547(b)(4)(B).

In response, counsel for the Defendant, while conceding that the doctrine of equitable tolling applies in bankruptcy in general, contends that it only applies to Statutes of Limitations, but not to the one-year requirement in Section 547(b)(4)(B), which

time is an integral part of the claim itself and without it there is no viable claim to avoid the transfer. For this reason, according to the Defendant, the doctrine of equitable tolling is not applicable and the Trustee's complaint is barred as a matter of law.

In support of his position, counsel for the Defendant cites the case of *United States v. Brockamp*, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997). In *Brockamp*, Justice Breyer, speaking for the Court, held that the statutory limitation period for tax refund claims does not authorize an equitable tolling. In *Brockamp*, just like in the present instance, the statutory right to a refund has a built-in limitation just like the built-in limitation in a voidable preference action under Section 547(b)(4)(B).

In the case of *In re Dolliver*, 255 B.R. 251 (Bankr.D.Me.2000), the Bankruptcy Court held that the one-year time limit fixed by the Code to revoke a discharge may not be equitably tolled since the one-year limitation was an integral part of a right to revoke a discharge, just like the one-year limitation in Section 547(b)(4)(B).

■■■ Before considering the applicability of the doctrine of equitable tolling, the initial inquiry should be focused on the Defendant's status as an insider. This is so because if he is not an insider, the applicability of the equitable tolling is academic, and is not relevant. The term insider is defined in Section 101(31), which provides that the term insider in the case of an individual debtor is:

(i) a relative of the debtor or of a general partner of the debtor;

(ii) a partnership in which the debtor is a general partner;

(iii) a general partner of the debtor, or;

(iv) a corporation of which the debtor is a director, officer, or person in control.

It should be evident from the foregoing that a mere "friend," even assuming that the Defendant was a friend, does not fall into any of the categories just recited. This Court is unwilling to expand significantly the definition to include "friend." It is evident that the Defendant named in this complaint was not an insider within the term described above; thus, the controlling time period is 90 days, not one year.

■■■ From this it follows that the complaint as pled is fatally defective. Even assuming without conceding that the conclusion that the claim is time barred was incorrect, this Court is satisfied that, based on the authorities cited, the time period fixed by Bankruptcy Code Section 547(b)(4)(B) is essential and an integral part of the claim, and not subject to equitable tolling.

Based on the foregoing, this Court is satisfied that while equitable tolling is recognized in bankruptcy, the doctrine only applies to toll Statutes of Limitations and does not apply to a statutory time bar which is an integral part of the very claim the Trustee seeks to enforce.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED, that the Defendant's Motion to Dismiss or in the Alternative for Judgment on the Pleadings (Doc. No. 12), be and the same is hereby granted. It is further

ORDERED, ADJUDGED AND DECREED that a separate final judgment in accordance with the foregoing shall be entered.

## FINAL JUDGMENT

THIS CAUSE came on for consideration upon the Court's own Motion for the

340

purpose of entering a Final Judgment in the above-captioned adversary proceeding. The Court has considered the record and finds that this Court has entered Order on Motion to Dismiss or in the Alternative for Judgment on the Pleadings. Therefore, it is appropriate to enter Final Judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Final Judgment be, and the same is hereby, entered in favor of the Defendant, Fred Eck, and against Plaintiff Diane L. Jensen, and all claims asserted in the Complaint in the above-captioned Adversary Proceeding be, and same are hereby, dismissed with prejudice.