NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5041

IRINA ORLOVA,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Irina Orlova, of Narberth, Pennsylvania, pro se.

Deborah K. Snyder, Attorney, Appellate Section, Tax Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With her on the brief were John A. DiCicco, Acting Assistant Attorney General, and Jonathan S. Cohen, Attorney.

Appealed from:  United States Court of Federal Claims

Judge Lynn J. Bush

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5041

IRINA ORLOVA

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in Consolidated Case Nos. 08-CV-42 and 08-CV-43, Judge Lynn J. Bush.

_____

DECIDED:  October 6, 2009

_____

Before LOURIE, DYK, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Irina Orlova appeals from the final decision of the United States Court of Federal Claims ("Claims Court") dismissing her complaint for lack of subject matter jurisdiction. <u>Orlova v. United States</u>, Nos. 08-CV-42 & 08-CV-43 (Fed. Cl. Dec. 4, 2008).  Because we agree that the Claims Court did not have subject matter jurisdiction over Orlova's refund claims, we <u>affirm</u>.

BACKGROUND

Orlova is a Russian citizen who came to the United States in 1999.  In April 2002, Orlova filed her income tax return for the year 2001.  In her return, Orlova elected a filing status of single non-resident alien and listed a permanent residence address in

Moscow, Russia. Orlova had paid her taxes for 2001 through withholding credits in the amount of $2,187.93 and received a refund of $68.93. In March 2003, Orlova filed her income tax return for the year 2002. Orlova once again elected a filing status of single non-resident alien. Orlova had paid her taxes for 2002 through withholding credits in the amount of $2,632 and received a refund of $244. Later, in 2007, Orlova filed amended income tax returns for the years 2001 and 2002. Orlova sought refunds in the amount of $311 for the year 2001 and $457 for the year 2002. The Internal Revenue Service ("IRS") disallowed both refund claims as untimely.

On January 18, 2008, Orlova commenced two actions in the Claims Court, seeking to recover income taxes allegedly overpaid for 2001 and 2002. The Court consolidated the two actions. The government filed a motion to dismiss Orlova's claims for lack of subject matter jurisdiction. Orlova opposed the government's motion. On December 4, 2008, the Claims Court granted the government's motion to dismiss the complaint. The court concluded that it lacked subject matter jurisdiction over Orlova's refund claims for 2001 and 2002 under 26 U.S.C. § 6511(a) because Orlova had not filed either refund claim within three years from the time the return was filed or two years from the time the tax was paid.

Orlova timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review the dismissal of a complaint for lack of subject matter jurisdiction de novo. Albright v. United States, 10 F.3d 790, 793 (Fed. Cir. 1993). The Tucker Act, 28 U.S.C. § 1491(a)(1), sets forth the jurisdiction of the Claims Court to hear claims against

the United States where the suit is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."   Congress has further provided in 28 U.S.C. § 1346(a)(1) for concurrent jurisdiction in the federal district courts and the Claims Court with respect to "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected."   These provisions are merely general jurisdictional provisions that, by themselves, do not waive sovereign immunity to permit a suit against the government; a specific waiver is required.  See United States v. Testan, 424 U.S. 392, 398 (1976).

The specific waiver of sovereign immunity that permits suit for a tax refund is contained in § 7422(a) of the Code.  However, the statute also contains a limitation on the maintenance of such a suit:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (emphases added).  The provisions of law and regulations setting forth the requirements for a "duly filed" refund claim include § 6511 of the Code and the regulations thereunder.  As the Supreme Court has explained,

> A taxpayer seeking a refund of overpaid taxes ordinarily must file a timely claim for a refund with the IRS under 26 U.S.C. § 6511.  That section contains two separate provisions for determining the timeliness of a refund claim.  It first establishes a filing deadline:  The taxpayer must file a claim for a refund "within 3 years from the time the return was filed or 2 years

2009-5041

from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." § 6511(b)(1) (incorporating by reference § 6511(a)).

Comm'r v. Lundy, 516 U.S. 235, 239-40 (1996) (emphases in original) (footnote omitted). Under this statutory scheme, the provision in issue in this case, § 6511(a), is jurisdictional in nature, and a suit that fails to satisfy this provision must be dismissed for lack of subject matter jurisdiction. See id. at 240 (noting that "the provisions governing refund suits in United States District Court or the United States Court of Federal Claims . . . make timely filing of a refund claim a jurisdictional prerequisite to bringing suit"). Having laid out these jurisdictional limitations, we now turn to the parties' arguments in the instant matter.

Orlova argues that the Claims Court incorrectly applied the limitations periods established by § 6511(a) to her claims. Orlova does not dispute that her claims were untimely filed under the enacted limitations periods. She asserts instead that such "arbitrary time limits for filing" are inapplicable to her case because the "IRS intentionally and unfairly withheld information from [her] resulting in overpayment of [her] tax liabilities for six years." Appellant's Br. 1. Orlova also argues that her tax refund claims should not have been dismissed because the IRS failed to apply the "substantial presence" test found in IRS Publication 519. Orlova contends that when she filed her tax returns for the years 2001 and 2002 as a non-resident, the IRS failed to make a determination of her proper resident status and inform her that she was eligible to file as a resident of the United States. According to Orlova, this failure on the part of IRS resulted in her overpayment of taxes for the listed years. Therefore, Orlova contends, her untimely refund claim should have been allowed by the Claims Court. Further, she

argues that § 6511(a) should not apply to her because she is a foreign national, and did not know of the limitations period. In essence, she argues that the limitations period should be equitably tolled in her case.

In response, the government argues that Orlova's income tax returns for the years 2001 and 2002 are simply time-barred under § 6511(a). The government contends that Orlova's refund claims filed in 2007 were untimely because she was required to file any refund claim for 2001 by April 15, 2005, and any refund claim for 2002 by April 15, 2006. The government argues that the IRS has no legal duty to discover overpayments and report them to taxpayers. The government contends that the Claims Court properly concluded that none of the statutory exceptions to the limitations period established by § 6511 were applicable to Orlova's case and that § 6511 does not allow for equitable tolling.

We agree with the government that the Claims Court properly dismissed Orlova's complaint for lack of subject matter jurisdiction. We find no merit to Orlova's argument that her case should not have been dismissed because she is a foreign national. Section 6511 provides no statutory exceptions to the limitations period based on the nationality of the taxpayer. See § 6511(d), (h) (establishing various statutory exceptions for certain types of untimely refund claims). We also reject Orlova's repeated assertions that the limitations period should be tolled because she was unaware of her resident status and was not informed by the IRS that she was qualified to file as a U.S. resident. As the Supreme Court has explained, Congress has not made the equitable tolling doctrine available to tax refund claims. United States v. Brockamp, 519 U.S. 347, 354 (1997) ("[W]e conclude that Congress did not intend the 'equitable tolling' doctrine to

apply to § 6511's time limitations."). Therefore, the mere failure of the IRS to inform Orlova that she was entitled to file as a resident does not toll the time limitations that are applicable to Orlova's claims.

For the foregoing reasons, the Claims Court properly dismissed Orlova's complaint for lack of subject matter jurisdiction. Accordingly, we <u>affirm</u>.

COSTS

No costs.