Kathleen E. HALL–DITCHFIELD, Appellant

v.

UNITED STATES of America.

No. 09–3052.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 1, 2010.

Opinion Filed Feb. 25, 2010.

Kathleen E. Hall–Ditchfield, West Grove, PA, pro se.

Brittney N. Campbell, Esq., Regina S. Moriarty, Esq., Gretchen M. Wolfinger, Esq., United States Department of Justice, Washington, DC, for Defendant–Appellee.

Before: BARRY, AMBRO and ROTH, Circuit Judges.

## OPINION

PER CURIAM.

Kathleen Hall–Ditchfield, proceeding pro se, appeals the District Court's order dismissing her complaint in part, as well as the court's later order granting summary judgment in favor of the Government. For the reasons that follow, we will affirm.

### I.

Because the background of this case is familiar to the parties, we discuss it only briefly here. In May 2007, Hall–Ditchfield filed a complaint in the District Court, challenging the Internal Revenue Service's ("IRS") rejection of her tax refund claims for tax years 1999, 2000, and 2001. The Government moved to dismiss the complaint, arguing that the court lacked subject matter jurisdiction because Hall–Ditchfield had failed to file a timely administrative claim for a tax refund with the IRS, as required by 26 U.S.C. § 6511. In an order entered on June 11, 2008, the court granted the motion in part, dismissing Hall–Ditchfield's claims relating to tax years 1999 and 2000. The court denied the Government's motion as to her claim for tax year 2001, concluding that there was insufficient information to determine whether she had timely submitted an administrative claim for that tax year.

In August 2008, the court held a conference, at which the parties presented evidence regarding the timeliness of Hall–Ditchfield's administrative claim for tax year 2001. In May 2009, both parties moved for summary judgment. On June 9, 2009, the court denied Hall–Ditchfield's motion and granted the Government's motion. In doing so, the court held that it lacked jurisdiction over her claim for tax year 2001, for her administrative claim for that tax year was untimely. The court

further held that § 6511's limitations period was not subject to equitable tolling. Hall–Ditchfield now appeals the court's June 11, 2008 and June 9, 2009 orders.

### II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to grant a motion to dismiss. *Santiago v. GMAC Mortgage Group, Inc.*, 417 F.3d 384, 386 (3d Cir.2005), as well as its decision to grant summary judgment. *Atkinson v. Lafayette Coll.*, 460 F.3d 447, 451 (3d Cir.2006).

For substantially the reasons given by the District Court, we agree with its disposition of Hall–Ditchfield's claims. Although she argues that her claims should be equitably tolled, that argument is foreclosed by *United States v. Brockamp*, 519 U.S. 347, 354, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997), which held that § 6511's limitations period is not subject to equitable tolling.[1] Despite her contention to the contrary, that doctrine's inapplicability here does not violate her First Amendment rights. Accordingly, we will affirm the District Court's June 11, 2008, 2008 WL 2381533, and June 9, 2009, 2009 WL 1606875, orders.

---

1. Because the equitable tolling doctrine is inapplicable here, we need not determine whether Hall–Ditchfield would be entitled to equitable tolling were it available.