Wells, J., concurring: I agree with the majority that the period of limitations provided in section 1.6015-5(b)(1), Income Tax Regs., is invalid. I write separately to advance an additional reason I think the regulation is invalid. By regulation, the Commissioner is attempting to place an absolute, ironclad 2-year limitations period on making a request for equitable relief under section 6015(f), even though section 6015(f) contains no limitations period. The majority opinion properly characterizes respondent’s position in this case and the opinion of the Court of Appeals for the Seventh Circuit in Lantz v. Commissioner, 607 F.3d 479 (7th Cir. 2010), revg. 132 T.C. 131 (2009), as follows: By adopting a statute of limitations, the Court of Appeals accepted that cases invoking inequitable circumstances will be denied relief * * * [regardless of] the facts and circumstances. The cause of the delay in filing and the circumstances, no matter how extreme, are irrelevant. The Court of Appeals rejected the traditional method to address delay in the equity context because of subsections (b) and (c) of section 6015 and the 2-year limitations provision in those subsections which it found supports the use of the 2-year standard for subsection (f). [Majority op. p. 377; emphasis added; fn. ref. omitted.] I believe that respondent’s position in this case and the Court of Appeals’ opinion in Lantz are contrary to the purpose of section 6015(f), which is “to provide equitable relief in appropriate situations”. H. Conf. Rept. 105-599, at 251 (1998), 1998-3 C.B. 747, 1005. In addition to the reasons already stated in the majority opinion and in our Lantz Opinion,[1] I believe that the regulation, which provides no exceptions to the 2-year period for extraordinary circumstances, is contrary to the concept of “equitable tolling”.[2] Respondent has stipulated that petitioner is entitled to relief under section 6015(f) if her claim is timely. Respondent refuses to consider any facts regarding the 2-year limit; i.e., we should just count the days and ignore the facts. Respondent’s position appears to be that if the absolute 2-year rule is valid, respondent prevails; and, if the 2-year rule is not valid, petitioner prevails. On that basis, petitioner should prevail. The specific purpose of section 6015(f) is to provide equitable relief, and a fundamental form of equitable relief is to relieve a party from strict compliance with a limitations period when the failure to take timely action was due to extraordinary circumstances. This form of equitable relief is known as “equitable tolling”.[3] On June 14, 2010, the Supreme Court articulated the principles of equitable tolling that would apply to provide relief even from a very specific period of limitations imposed by statute. In Holland v. Florida, 560 U.S. _, _, 130 S. Ct. 2549, 2560 (2010), the Supreme Court stated: We have previously made clear that a nonjurisdictional federal statute of limitations is normally subject to a “rebuttable presumption” in favor “of equitable tolling.” Irwin, 498 U.S., at 95-96; see also Young v. United States, 535 U.S. 43, 49 (2002) (“It is hornbook law that limitations periods are ‘customarily subject to “equitable tolling”’” (quoting Irwin, supra, at 95)). The dissent in Holland v. Florida, supra at _, 130 S. Ct. at 2569 (Scalia, J., dissenting) agreed with these principles: The Court is correct, ante, at * * * [130 S. Ct. at 2560-2561], that we ordinarily presume federal limitations periods are subject to equitable tolling unless tolling would be inconsistent with the statute. Young v. United States, 535 U.S. 43, 49 (2002). That is especially true of limitations provisions applicable to actions that are traditionally governed by equitable principles — a category that includes habeas proceedings. See id., at 50. * * * In holding that the principle of equitable tolling was applicable, in spite of a limitations period that was specifically spelled out in the statute, the Supreme Court distinguished its prior holding in United States v. Brockamp, 519 U.S. 347 (1997), which held that equitable tolling was not applicable to the period of limitations on tax refunds provided in section 6511. In Holland, the Supreme Court noted that in Brockamp it had interpreted the section 6511 limitations period as foreclosing application of that doctrine but had emphasized that section 6511: (1) “se[t] forth its time limitations in unusually emphatic form”; (2) used “highly detailed” and “technical” language “that, linguistically speaking, cannot easily be read as containing implicit exceptions”; (3) “reiterate[d] its limitations several times in several different ways”; (4) related to an “underlying subject matter,” nationwide tax collection, with respect to which the practical consequences of permitting tolling would have been substantial; and (5) would, if tolled, “require tolling, not only procedural limitations, but also substantive limitations on the amount of recovery— a kind of tolling for which we . . . found no direct precedent.” * * * [Holland v. Florida, supra at _, 130 S. Ct. at 2561, quoting United States v. Brockamp, supra at 350-352.] Four of the five factors that were used to decide that equitable tolling did not apply to section 6511 are absent in section 6015(f) or the regulation; the only common factor present in both section 6015(f) and section 6511 is that both involve Federal tax. A major distinction between the two statutes is that section 6511 provides exclusively a limitations period, while section 6015(f) does not even mention a limitations period. An equally compelling argument that equitable tolling principles should be considered in any reasonable regulatory limitations period that might apply to section 6015(f) relief is that the specific statutory purpose of section 6015(f) is to avoid inequity. Moreover, section 6015(f) itself was enacted during 1998 in conjunction with section 6511(h). Section 6511(h) effectively overruled the result reached by the Supreme Court in Brockamp and allowed for equitable tolling of the section 6511 limitations period when taxpayers were unable to manage their financial affairs. Indeed, section 6015(f) was enacted in the Internal Revenue Service Restructuring and Reform Act of 1998 (rra 1998), Pub. L. 105 — 206, sec. 3201, 112 Stat. 734, and section 6511(h) was enacted in RRA 1998 sec. 3202, 112 Stat. 740, the very next section of the same act. The two sections were packaged together in the conference committee report under the heading “Relief for Innocent Spouses and for Taxpayers Unable to Manage Their Financial Affairs Due to Disabilities”. H. Conf. Rept. 105-599, supra at 249, 1998-3 C.B. at 1003. Both of those provisions were considered and enacted as part of the same bill. It seems clear that Congress would not have provided for equitable tolling in section 6511(h) and then simultaneously allowed the Commissioner to disregard equitable tolling principles in the companion statutory provision that gives the Commissioner and the Tax Court the power to avoid inequitable results by considering all the facts and circumstances.[4] In Pollock v. Commissioner, 132 T.C. 21 (2009), we considered whether equitable tolling could extend the 90-day period provided by section 6015(e) for filing a petition in this Court. We held that the filing period in section 6015(e) was not susceptible to equitable tolling because it was jurisdictional. We stated: The most important point to notice is that the Code here actually uses the word “jurisdiction” — giving us “jurisdiction” if someone files her petition within the 90-day time limit. Statutes granting a court “jurisdiction” if a case is filed by a stated deadline look more like jurisdictional time limits. Zipes, 455 U.S. at 393-94. * * * * * Courts also commonly distinguish statutes of limitation from jurisdictional deadlines by the complexity of a statute’s language. Brockamp, 519 U.S. at 350-51. * * * í}í i{i % ^ ‡ ‡ Statutes of limitation, on the other hand, have no such jurisdictional identifiers, and courts construe them with a presumption that they were written against a backdrop of legal default rules and doctrines that they can legitimately apply when the statute is silent and the facts of a particular case warrant it. And one of these default rules, as the Supreme Court recently clarified, is a rebuttable presumption in favor of equitable tolling’s availability in suits brought by a private party against the Government. John R. Sand & Gravel Co., 552 U.S. at 136-138. [Id. at 30-32; fn. ref. omitted.] In Pollock, we discussed the crucial distinction between a mere period of limitations and a jurisdictional limitation; This gets us directly to the Commissioner’s most compelling point — that the District Court misconstrued section 6015’s 90-day deadline to be a statute of limitations rather than a jurisdictional requirement. This distinction is crucial: A statute of limitations simply prescribes a period in which a court may enforce certain rights. Young v. United States, 535 U.S. 43, 47 (2002). Courts may equitably toll them unless it would be inconsistent with the particular terms of the relevant statute. Id. at 49; John R. Sand & Gravel Co., 552 U.S. at 133. They “protect a defendant’s case-specific interest in timeliness,” John R. Sand & Gravel Co., 552 U.S. at 133, and courts may be able to look past delay because a limitations period is, like other affirmative defenses, subject to exceptions such as waiver, estoppel — or equitable tolling, Zipes, 455 U.S. at 393; In re Intl. Admin. Servs., Inc., 408 F.3d 689, 701 (11th Cir. 2005). [Id. at 28-29.] I do not believe that anyone could reasonably claim that the regulation providing a 2-year limitations period in section 1.6015 — 5(b)(1), Income Tax Regs., is a restriction on our jurisdiction to review the Commissioner’s denial of section 6015(f) relief. I believe that the foregoing analysis supports the conclusion in the majority opinion and provides an additional basis for invalidating the regulation.[5] Colvin, Cohen, Goeke, Wherry, and Kroupa, JJ., agree with this concurring opinion. I do not believe that either the majority opinion or our Opinion in Lantz v. Commissioner, 132 T.C. 131 (2009), revd. 607 F.3d 479 (7th Cir. 2010), stands for the proposition that there can be no period of limitations under sec. 6015(f). Judge Gustafson in his concurring opinion suggests that I am invoking the “doctrine of‘equitable tolling* Concurring op. note 2. However, I actually have chosen not to use the term “doctrine” here, because I am referring only to the principles of equitable tolling. I believe that respondent’s failure to incorporate any relief from his strict 2-year regulatory limitations period for extraordinary circumstances is improper because it is contrary to the equitable “principles” underlying equitable tolling. I do suggest infra note 5 that the “doctrine” of equitable tolling would apply in the event the regulation in question were to be held valid. An additional, but similar, form of equitable relief may be available; i.e., “equitable estoppel”. Equitable estoppel applies when one of the litigants does something to prevent the other from making a timely claim. See Wolin v. Smith Barney Inc., 83 F.3d 847, 852 (7th Cir. 1996) (difference between equitable tolling and equitable estoppel discussed). Disregarding this legislative history, in his brief to the Court of Appeals for the Seventh Circuit in Lantz v. Commissioner, 607 F.3d 479 (7th Cir. 2010), revg. 132 T.C. 131 (2009), the Commissioner argued, quoting the dissent in this Court, that there is no “indication in the legislative history that in devising § 6015(f), Congress was concerned with giving taxpayers a longer time within which to seek relief” and that ‘“[we] find nothing in this legislative history suggesting Congress wanted the Secretary to use his new discretion under subsection (f) to give relief to those who missed the statutory deadlines for relief under subsections (b) and (c).’” The Court of Appeals expressed “doubt that Congress would want to preclude the Treasury from imposing a deadline designed to reduce the flow to manageable proportions.” Id. at 486. The legislative history quoted above would support a contrary view. Even if the period of limitations in sec. 1.6015-5(b)(1), Income Tax Regs., is valid, I believe that such a period of limitations would be subject to the “doctrine” of equitable tolling. In that regard, the “doctrine” of equitable tolling may apply if the litigant can prove that (1) the litigant has been pursuing the litigant’s rights diligently, and (2) that some extraordinary circumstance stood in the litigant’s way and prevented timely filing. Holland v. Florida, 560 U.S._,_, 130 S. Ct. 2549, 2562 (2010). The facts before us include a statement that petitioner was advised by respondent that she still had 2 years to make her claim.