# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 10-5115**                                        **September Term 2011**

**1:07-cv-02075-JDB**

**Filed On:** December 20, 2011

Auburn Regional Medical Center, et al.,

      Appellants

      v.

Kathleen Sebelius, Secretary, Department of
Health and Human Services,

      Appellee


**BEFORE:**    Sentelle, Chief Judge, and Henderson, Rogers, Tatel, Garland,
Brown, Griffith*, and Kavanaugh, Circuit Judges, and Williams*,
Senior Circuit Judge


## O R D E R

Upon consideration of appellee's petition for rehearing en banc, the response thereto, and the absence of a request by any member of the court for a vote, it is

**ORDERED** that the petition be denied.


**Per Curiam**


                                      **FOR THE COURT:**
                                      Mark J. Langer, Clerk

             BY:    /s/
                     Michael C. McGrail
                     Deputy Clerk


A statement by Circuit Judge Griffith, joined by Senior Circuit Judge Williams, concurring in the denial of rehearing en banc is attached.

Griffith, Circuit Judge, joined by Williams, Senior Circuit Judge, concurring in the denial of rehearing en banc:  The Secretary urges the reconsideration of our conclusion that Congress did not preclude equitable tolling of the limitations period for filing Medicare reimbursement claims on the ground that we overlooked the administrative burdens that tolling brings. But we were simply following the analytical framework set forth in *United States v. Brockamp*, 519 U.S. 347 (1997). Panel Op. 7-10. The Supreme Court undertook the inquiry in two stages. Looking first at the limitations provisions of the statute, the Court concluded that the statute's "detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions," taken together, showed that Congress did not intend other equitable exceptions to be read into the statute. *Brockamp*, 519 U.S. at 352. The burdens caused by equitable tolling, the second stage in the Court's analysis, simply underscored what an analysis of the text had already revealed. As we read *Brockamp*, we need not look at any burdens that might flow from equitable tolling when the textual factors fail to rebut the presumption. We can imagine their relevance when the text of the statute is not otherwise clear, but in this case the statute itself is without any clues that suggest Congress barred equitable tolling.

It is unclear whether *Holland v. Florida*, 130 S. Ct. 2549 (2010), transformed *Brockamp*'s two-step approach into a balancing test that puts administrative burdens on an equal footing with the textual factors. In *Holland*, the Supreme Court included the administrative burdens that might result from equitable tolling alongside the textual factors the Court used in *Brockamp* to conclude that the limitations period in the Antiterrorism and Effective Death Penalty Act of 1996 may be equitably tolled. *See id*. at 2561. We need not decide whether this marks a change in the Court's analysis because even if the burdens created by equitable tolling are now an indispensable part of the inquiry, they do not change the outcome in this case. None of the textual factors in the Medicare reimbursement statute weigh in favor of equitable tolling. Unlike the emphatic, detailed, and repeated limitations provisions in *Brockamp*, the limitations provision here is simple and includes no exceptions that suggest Congress intended to preclude equitable tolling. *See* Panel Op. 7-8. While allowing equitable tolling may increase the amount of interest recoverable, that effect is straightforward relative to the potential effect of tolling in *Brockamp*, where the calculation of the refund itself changed depending on when claims were filed. *See Brockamp*, 519 U.S. at 351. Although it is no doubt true that the complex Medicare reimbursement scheme will be more difficult to administer with equitable tolling available to claimants, that factor alone is not enough to persuade us that Congress rejected the presumption of equitable tolling with the type of clarity the precedents require.

Accordingly, we concur in the denial of rehearing en banc.