**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1700
_____

RHANDALL J. THORPE; BARBARA J. THORPE,

Appellants

v.

DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE;
PHILLIP DUN, IRS Appeals Team Manager; DEBRA HAYNER, Appeals Officer;
DENISE MURRAY, Team Manager
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 18-cv-04956)
District Judge:  Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2019

Before:  MCKEE, COWEN and RENDELL, <u>Circuit Judges</u>

(Opinion filed: September 20, 2019)

_____

O P I N I O N*

_____

PER CURIAM

Rhandall and Barbara Thorpe appeal the District Court's order dismissing their complaint for lack of subject matter jurisdiction. For the reasons below, we will affirm the District Court's order.

The procedural history of this case and the details of the Thorpes' claims are well known to the parties, set forth in the District Court's memorandum opinion, and need not be discussed at length. Briefly, the Thorpes alleged in their complaint that for several tax years they had mistakenly paid an early withdrawal penalty on withdrawals from an IRA. They argued that they were entitled to an exemption from the early withdrawal penalty due to Barbara Thorpe's permanent disability. They requested a refund of the overpaid taxes. The Appellees moved to dismiss the complaint for lack of subject-matter jurisdiction because the Thorpes had not timely filed their administrative claims for refunds. The District Court granted the motion to dismiss. The Thorpes filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

In their opening brief on appeal, the Thorpes do not challenge the District Court's determination that their administrative refunds were untimely filed. See 26 U.S.C. § 6511(a) (taxpayer must file an administrative claim for a refund within two years from

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

the time the tax was paid or three years from the time the return was filed, whichever is later).  Nor do they dispute the District Court's conclusion that they did not fulfill the requirements for suspension of the time to file for a refund due to disability pursuant to 26 U.S.C. § 6511(h) (suspending limitations period when individual is unable to manage her financial affairs).

The Thorpes suggest that because they discovered the mistake on their returns in 2015, they are entitled to equitable tolling.  The District Court correctly determined that equitable tolling was not available, see United States v. Brockcamp, 519 U.S. 347 (1997), and, even if it were, the mistakes on the Thorpes' returns were not extraordinary circumstances.

The Thorpes also appear to argue that the motion to dismiss was not timely filed in the District Court pursuant to Fed. R. Civ. P. 1.  However, Rule 1 counsels that the Rules of Civil Procedure should be construed to secure the "just, speedy, and inexpensive determination of every action."  Nothing in Rule 1 required denial of the motion to dismiss.  A challenge to subject-matter jurisdiction may be raised at any time during the litigation.  Fort Bend Cty, Texas v. Davis, 139 S. Ct. 1843, 1849 (2019).

The Thorpes also complain that the matter was assigned for pretrial management and discovery with a Magistrate Judge but then dismissed by the District Court without notice to them.  However, the Thorpes had notice of the possible dismissal of their action: the Appellees filed their motion to dismiss and the Thorpes responded.  No further notice was necessary.  Because the District Court lacked subject-matter jurisdiction over the complaint as a matter of law, there was no need for discovery on any factual issues.

3

For the above reasons, we will affirm the District Court's order.