GAJARSA, Circuit Judge,
concurring,
with whom Circuit Judge NEWMAN and Senior Circuit Judge PLAGER join.
I join Part I of the majority, which holds that the 15-day window for filing an ap *847 peal to the Merit Systems Protection Board (“Board”) under 5 U.S.C. § 3330a is subject to equitable tolling. I also join Part II of the majority, which holds that the veteran is entitled to a hearing before the Board on his USERRA claim. I write separately, however, to provide an additional basis to support the judgment reached in Part I.
I.
I too begin with Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 95-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the seminal Supreme Court precedent on the applicability of the equitable tolling doctrine in suits against the government. In Irwin, the Court adopted “a more general rule to govern the applicability of equitable tolling in suits against the Government” and held that “the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States.” Id. at 95-96, 111 S.Ct. 453. While acknowledging that a “waiver of sovereign immunity cannot be implied but must be unequivocally expressed,” id. (citation omitted), the Court reasoned:
Once Congress has made such a waiver, we think that making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver. Such a principle is likely to be a realistic assessment of legislative intent as well as a practically useful principle of interpretation.
Id. The Court thus applied the equitable tolling doctrine to 42 U.S.C. § 2000e-16(c), which specifies the time in days that a Title VII complaint against the government must be filed in district court after final action by the EEOC. Id. at 91, 96, 111 S.Ct. 453.
Accordingly, the Supreme Court has directed courts to engage in a two-step inquiry of asking (1) whether there is a private suit that is “sufficiently similar to warrant asking [2] Irwin’s negatively phrased question: Is there good reason to believe that Congress did not want the equitable tolling doctrine to apply?” United States v. Brockamp, 519 U.S. 347, 350, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997). Similarly, the rule our court has drawn “from Irwin is that the doctrine of equitable tolling, [1] when available in comparable suits of private parties, is available in suits against the United States, [2] unless Congress has expressed its intent to the contrary.” Bailey v. West, 160 F.3d 1360, 1364 (Fed.Cir.1998) (en banc).
In this case, as noted in the majority opinion, Kirkendall’s suit is analogous to a Title VII discrimination claim. The first inquiry of Irwin asks only if the suit against the government is similar, not identical, to a private suit. The statute at issue in this case establishes an administrative procedure for redress for a preference eligible veteran “who alleges that an agency has violated such individual’s rights ... relating to veterans’ preference.” 5 U.S.C. § 3330a(a)(l)(A). Under the statute, the veteran has 60 days after the date of the alleged violation to file a complaint with the Department of Labor (“DoL”). If the DoL is unable to resolve the complaint within another 60 days, the veteran may “appeal the alleged violation to the Merit Systems Protection Board in accordance with such procedures as the Merit Systems Protection Board shall prescribe, except that in no event may any such appeal be brought ... later than 15 days after the date on which the complainant receives written notification from” the DoL. Id. § 3330a(d). Similarly, in a Title VII action between private parties, a plaintiff has 180 days from the occurrence of the alleged *848 unlawful employment practice to file a complaint with the EEOC. 42 U.S.C. § 2000e-5(e). If the EEOC dismisses the complaint, the plaintiff has 90 days from the time of EEOC notification to file a civil action in a district court. See id. § 2000e-5(f)(1). Therefore, I agree that Kirken-dall’s suit is sufficiently similar to proceed to the next Irwin inquiry.
II.
A.
The second inquiry of Irwin comes from the Supreme Court’s acknowledgment that “Congress, of course, may provide otherwise if it wishes to do so.” 498 U.S. at 96, 111 S.Ct. 453. The Court has thus asked: “Is there good reason to believe that Congress did not want the equitable tolling doctrine to apply?” Brockamp, 519 U.S. at 350, 117 S.Ct. 849; see also Bailey, 160 F.3d at 1364 (asking if “Congress has expressed its intent to the contrary”).
The Court found such a reason in Brock-amp. The statute at issue in Brockamp stated that a claim “shall be filed” within a period of years, but the Court did not simply hold that those three words evidenced Congressional intent. Rather, the Court examined the entire language in context and found the tax statute to set forth “its limitations in unusually emphatic form” because the statute (1) sets “forth its limitations in a highly detailed technical manner, that, linguistically speaking, cannot easily be read as containing implicit exceptions”; (2) “reiterates its limitations several times in several different ways”; (3) specifies procedures for “refunds that do not comply with these limitations” and “explicit exceptions to its basic time limits, and those very specific exceptions do not include ‘equitable tolling.’ ” Id. at 350-52, 117 S.Ct. 849. The Court also examined the substance of the statute and found that equitable tolling the tax statute (4) “would require tolling, not only procedural limitations, but also substantive limitations on the amount of recovery — a kind of tolling for which we have found no direct precedent”; and (5) “could create serious administrative problems by forcing the IRS to respond to, and perhaps litigate, large numbers of late claims, accompanied by requests for ‘equitable tolling’ which, upon close inspection, might turn out to lack sufficient equitable justification.” Id. at 352-53, 117 S.Ct. 849 (observing that tax law “is not normally characterized by case-specific exceptions reflecting individualized equities”).
In this ease, it is undisputed that the second, third, fourth, and fifth factors evidence no intent of Congress to preclude equitable tolling. Indeed, the government concedes that VEOA does not reiterate its limitations, contains no explicit exceptions, and would create no serious administrative problem for the Board. As we stated en banc in Bailey, “because the statute addresses timeliness for an appeal from a closed record, it does not threaten administrative complexity or unpredictable fiscal peril.” 160 F.3d at 1365 (applying Brock-amp in holding that equitable tolling applies to 120-day time limit for appeal in Court of Veterans Appeals). The government does not even mention that tolling VEOA would affect no substantive limitations. Similarly, Judge Moore’s dissent acknowledges that the second and third factors favor tolling in this case, post, at 860-61, and makes no mention of the fourth and fifth Brockamp factors.
Therefore, the only Brockamp factor in dispute is the first, where the Supreme Court found that the tax statute sets “forth its limitations in a highly detailed technical manner, that, linguistically speaking, cannot easily be read as containing implicit exceptions.” 519 U.S. at 350, *849 117 S.Ct. 849. As examples, the Court found the following:
[The Brockamp tax statute] says, first, that a
“[c]laim for ... refund ... of any tax ... shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed ... within 2 years from the time the tax was paid.” 26 U.S.C. § 6511(a)....
And
“[i]f the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.” § 6511(b)(2)(B).
Id. at 351, 117 S.Ct. 849. In this case, the VEOA statute states simply that “in no event may any such appeal be brought ... later than 15 days after the date on which the complainant receives written notification from the Secretary under subsection (c)(2).” In comparison with the Brockamp tax statute, the VEOA statute does not set forth its 15-day limitation in a “highly detailed technical manner.”
The government concedes that the VEOA statute is not technical, but asserts that it is detailed because it is sequential. See Resp’t Br. 25-27. Judge Moore’s dissent goes one step further and asserts that the sequential nature of the VEOA statute makes it both “detailed and technical.” Post, at 858. As discussed in infra Part II.C, the sequential nature of the VEOA statute fails to satisfy the two-tiered structure of Lampf. Therefore, Judge Moore’s dissent and the government both attempt to shoehorn the sequential nature of VEOA into Brockamp’s “highly detailed technical” description of the tax statute excerpted above. This non sequitur, however, is unjustified and contrary to the entire language of the VEOA statute.
Accordingly, Brockamp offers no “good reason to believe that Congress did not want the equitable tolling doctrine to apply” in this case. 519 U.S. at 350, 117 S.Ct. 849.
B.
The Supreme Court also found good reason that equitable tolling should not apply in Beggerly, 524 U.S. 38, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998). The Quiet Title Act (“QTA”) was the statute at issue in Beggerly and stated that QTA actions “shall be barred unless it is commenced within twelve years.” 28 U.S.C. § 2409a(g) (emphasis added).
While stating that “[e]quitable tolling is not permissible where it is inconsistent with the text of the relevant statute,” Beggerly, 524 U.S. at 48, 118 S.Ct. 1862, the Court did not hold that the three words, “shall be barred,” precluded equitable tolling. Indeed, Beggerly did not even recite the three words as relevant. Instead, as it did in Brockamp, the Court examined the entire language of the statute in context and found that
the QTA, by providing that the statute of limitations will not begin to run until the plaintiff “knew or should have known of the claim of the United States,” has already effectively allowed for equitable tolling. Given this fact, and the unusually generous nature of QTA’s limitations time period, extension of the statutory period by additional equitable tolling would be unwarranted.
Beggerly, 524 U.S. at 48-49, 118 S.Ct. 1862 (citation omitted). The Court similarly examined the substance of the statute and found that “[t]his is particularly true given that the QTA deals with ownership of land.” Id. at 49, 118 S.Ct. 1862.
*850 It is of special importance that landowners know with certainty what their rights are, and the period during which those rights may be subject to challenge. Equitable tolling of the already generous statute of limitations incorporated in the QTA would throw a cloud of uncertainty over these rights, and we hold that it is incompatible with the Act.

Id.

In this case, there is no text within VEOA that “effectively” allows for equitable tolling based on the date that time begins to accrue. Next, the 15-day time limit at issue here is far from the “unusually generous” 12-year period in Beggerly. Lastly, the government has asserted no “special importance” with the 15-day period under 5 U.S.C. § 3330a(d)(l), and under such circumstances, foreclosing equitable tolling would be “particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.” Zipes v. TWA, Inc., 455 U.S. 385, 397, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (holding that Title VII filing period is requirement subject to tolling when equity so requires) (citation omitted); see also Majority, ante, at 842.
Judge Moore’s dissent attempts to elevate the importance of precluding tolling in the VEOA statute by observing its impact on the public fisc. Post, at 858-59. This argument is unavailing. By definition, the Irwin presumption of equitable tolling applies to statutes that provide for suits against the government and thus, always implicates the public fisc. Therefore, the VEOA statute does not rise to the “special importance” of the QTA in Beggerly, where the Supreme Court found that landowners must “know with certainty what their rights are, and the period during which those rights may be subject to challenge.” 524 U.S. at 49, 118 S.Ct. 1862.
Accordingly, as with Brockamp, 519 U.S. at 350, 117 S.Ct. 849, there is no “good reason to believe that Congress did not want the equitable tolling doctrine to apply” based on Beggerly.
C.
In Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), the Supreme Court evaluated a statute that contained the words “in no event” and held that equitable tolling should not apply. Id. at 360 n. 7, 363, 111 S.Ct. 2773. The Court, however, did not even recite the words “in no event” in reaching its holding regarding equitable tolling. Rather, the Court examined the language of the statute in context. The Securities and Exchange Act statute at issue stated:
No action shall be maintained to enforce any liability ... unless brought within one year after the discovery of the untrue statement or the omission.... In no event shall any such action be brought to enforce a liability ... more than three years after the security was bona fide offered to the public.
Id. at 360 n. 7, 111 S.Ct. 2773 (quoting 15 U.S.C. § 77m) (emphasis added). Based on the structure established by the statute in context, the Court concluded that:
The 1-year period, by its terms, begins after discovery of the facts constituting the violation, making tolling unnecessary. The 3-year limit is a period of repose inconsistent with tolling.... Because the purpose of the 3-year limitation is clearly to serve as a cutoff, we hold that tolling principles do not apply to that period.
Id. at 363, 111 S.Ct. 2773 (emphasis added).
In this case, VEOA establishes procedures where a veteran has 60 days to file a *851 complaint and the DoL has another 60 days to resolve the complaint. If the DoL is unable to resolve the complaint within the 60 days after the date on which it is filed, the DoL must notify the veteran, who then has 15 days to file with the Board. These procedures establish no structure indicating that the 15-day period is a period of repose. Therefore, Lam/pf does not support a finding precluding equitable tolling.
Nonetheless, Judge Moore’s dissent and the government assert that VEOA “is like the two-tiered structure employed in section 13 of the 1938 Securities Exchange Act discussed in Lampf.” Post, at 858; Resp’t Br. 25-26. By listing multiple sequential time periods, it is true that VEOA establishes a structure. Lampf, however, does not stand for the proposition that any statute with any structure is inconsistent with equitable tolling. Rather, the critical inquiry under Lampf is whether the structure reveals that one limitation is a period of repose. In Lampf, the 3-year limitation served as a cutoff for the 1-year period, which “has already effectively allowed for equitable tolling” by providing that accrual “begins after discovery of the facts.” Beggerly, 524 U.S. at 48, 118 S.Ct. 1862 (citation omitted); Lampf, 501 U.S. at 363, 111 S.Ct. 2773. The 3-year time period thus constituted a period of repose inconsistent with equitable tolling. In this case, the 15-day time limitation for filing with the Board does not serve as a cutoff for the 60-day period for filing a complaint. Therefore, the 15-day period at issue is not a period of repose, and Lampf offers no support for Judge Moore’s dissent or the government’s position.
By asserting that the structure of VEOA is like “the two-tiered structure” of the Lampf statute, Judge Moore’s dissent and the government have essentially stated that if a statute contains more than one time period, there is “good reason to believe that Congress did not want the equitable tolling doctrine to apply.” Brockamp, 519 U.S. at 350, 117 S.Ct. 849. Under that rationale, all suits against the government that must be exhausted in an administrative agency before a plaintiff may file in a district court or in the Court of Federal Claims would establish a structure inconsistent with equitable tolling. Such erroneous reasoning would eviscerate the Irwin presumption established by the Supreme Court. Indeed, because a plaintiff must first exhaust a Title VII claim in the EEOC before filing an action in a district court, the rule argued by Judge Moore’s dissent and the government in this case would presumably seek to overturn Irwin itself.
The critical question of Lampf is whether the “structure” establishes a period of repose. In this case, the answer is no, and accordingly, there is no “good reason to believe that Congress did not want the equitable tolling doctrine to apply” under Lampf Brockamp, 519 U.S. at 350, 117 S.Ct. 849.
III.
The overriding message of the Supreme Court’s precedents of Brockamp, Beggerly, and Lampf is that we should examine the language in context and the substance of the statute in determining whether equitable tolling should not apply in a suit against the government. As shown, when applying the Supreme Court’s precedents properly, the government and the dissenting opinions have failed to show that equitable tolling is inconsistent with the text of VEOA. Therefore, there is no “good reason to believe that Congress did not want the equitable tolling doctrine to apply.” Brockamp, 519 U.S. at 350, 117 S.Ct. 849.
The government and the dissenting opinions, however, attempt to create new *852 exceptions to scale back the presumption of tolling that the Supreme Court established in Irwin. These new exceptions are based on misinterpreting Supreme Court precedent and disregarding this court’s precedent.
A.
First, Judge Moore’s dissent attempts to establish a new rule holding that three words alone, “in no event,” preclude equitable tolling. To do so, her dissent seizes on one sentence in Brockamp, 519 U.S. at 350, 117 S.Ct. 849 (emphasis added), stating that the tax statute “sets forth its time limitations in unusually emphatic form,” and labels it a Brockamp factor. Post, at 854-57. Her dissent then discards the five Brockamp factors actually enunciated and makes its newly created “unusually emphatic” factor dispositive.
This misreads and misrepresents Brock-amp. While the Brockamp sentence taken out of context could be read as an independent factor, reading the Supreme Court’s entire discussion reveals that it states a conclusion based on the five factors discussed above in supra Part II.A. See 519 U.S. at 350-54, 117 S.Ct. 849. The Court did not, as Judge Moore’s dissent does, identify certain words as being “unusually emphatic” in form. Rather, the Court evaluated, as I do here, the five enunciated Brockamp factors. It is clear to me that the phrase “unusually emphatic” in Brock-amp is not an independent factor but a conclusion based upon the enunciated factors, and there is no controlling precedent to the contrary.
Judge Moore’s dissent also concludes summarily that “[s]hort of saying ‘equitable tolling shall not apply,’ we do not think Congress could have been clearer.” Post, at 855. Congress, however, enacted the VEOA statute after the Supreme Court decided Irwin. Therefore, Congress could have placed the words “equitable tolling shall not apply” in the statute but did not do so. Her dissent offers no rationale for why we should not require the words “equitable tolling shall not apply” when precluding equitable tolling based on a few words selectively removed from the entire language and substance of a statute. As the Supreme Court stated regarding the Irwin presumption, “Congress must be presumed to draft limitations periods in light of this background principle.” Young v. United States, 535 U.S. 43, 49-50, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002) (citations omitted). Moreover, the footnote assertion of her dissent that no statute contains such words is no justification for us to define an incantation of other “magic words” to preclude equitable tolling. Post, at 855.
Even if it were prudent to identify certain words as precluding equitable tolling, Judge Moore’s dissent offers no rationale for why the words “in no event” are so “unusually emphatic.” Time limitations in statutes often include words such as “shall,” “must,” or “barred.” It is wholly unclear from her dissenting opinion and the government’s brief what would make one of these terms merely “ordinary and simple,” another “emphatic,” another “usually emphatic,” and another “unusually emphatic.” Similarly, while I agree with the proposition that “equitable tolling is not permissible where it is inconsistent with the text of the relevant statute,” Beggerly, 524 U.S. at 48, 118 S.Ct. 1862, Judge Moore’s dissent offers no reasoned justification to explain why tolling is consistent with a statute that uses, for example, the term “must” but is inconsistent with a statute that uses the term “in no event.”
The cases cited by Judge Moore’s dissent from other circuits to the contrary are neither controlling nor applicable. See Dubuc v. Johnson, 314 F.3d 1205, 1209 *853 (10th Cir.2003) (interpreting not periods of limitation, but prerequisites of proceeding in forma pauperis); Webb v. United States, 66 F.3d 691, 700-02 (4th Cir.1995) (interpreting statute of repose from two-tiered Lampf structure); Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1043 (10th Cir.1980) (same); Caviness v. DeRand Res. Corp., 983 F.2d 1295, 1301 (4th Cir.1993) (same); Hodgson v. Int'l Printing Pressmen & Assistants’ Union of N. Am., 440 F.2d 1113, 1116-17 (6th Cir.1971) (proposing that “[i]t may, however, be significant that the more emphatic language ‘but in no event after 60 days’ was not adopted,” but placing no weight on such legislative history in ultimate holding).
Therefore, there is no reasoned justification to create a new exception to the Irwin presumption to preclude the application of equitable tolling based on the use of the three words “in no event.”
B.
Second, Judge Moore’s dissent attempts to establish a new rule holding that time limits “for filing an appeal rather than an initial cause of action” constitute a factor weighing “against a finding that equitable tolling applies.” Post, at 860-61. As discussed by the majority opinion, ante, at 842-13, this court decided en banc in Bailey that the same Irwin presumption applies to statutes of limitations and statutes of timing of review. See 160 F.3d at 1366-68. Judge Moore’s argument in this case that the nature of the deadline is nonetheless relevant merely recasts the argument that this court dismissed in Bailey. Specifically, by considering the appellate nature of a deadline to be a factor against equitable tolling, her dissent attempts to bifurcate the equitable tolling doctrine into two branches: (1) for time limits of initial causes of action, the Irwin presumption applies, and (2) for time limits of filing appeals, a lighter presumption or no presumption applies.
Of course, this court sitting en banc may reconsider our own precedent. Judge Moore’s dissent, however, has not even acknowledged that its argument seeks to overturn our en banc decision. Moreover, Judge Dyk’s dissent, by explicitly seeking to overturn Bailey and failing, highlights the fact that Bailey remains controlling law. Therefore, Bailey compels us not to create a new exception applying a lighter or no presumption to time limits dealing with periods of review.
IV.
Accordingly, the Supreme Court’s decisions in Irwin, Brockamp, Beggerly, and Lampf, and our decision in Bailey dictate that the doctrine of equitable tolling applies to the VEOA statute and that Kirk-endall has at least the opportunity to equitably toll the time limit.