JORDAN, Circuit Judge,
Concurring:
I concur in the outcome of this case and with most of what my colleagues have said in reaching that outcome. I part company, though, with the Majority’s decision to reach the issue of whether the discovery rule is available under 18 U.S.C. § 2255(b). Because the discovery rule does not save Stephens’s claims, the discussion of § 2255(b) is dicta, and it is dicta as to which I have some doubt.
As noted in the Majority opinion, § 2255(b) provides that “[a]ny action commenced under this section shall be barred unless the complaint is filed within six years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability.” This legal disability exception is not a tolling provision. It does pot toll, stop, abate, suspend, or interrupt the limitation period. Rather, it provides a separate limitation period for cases involving legal disability. See William A. Graham Co. v. Haughey, 646 F.3d 138, 147 (3d Cir.2011) (noting that tolling provisions “operate to toll the running of the limitations period — that is, to stop [its] running; to abate it, or [t]o suspend or interrupt it” (alterations in original) (citation and internal quotation marks omitted)). In short, the three-year legal disability provision in § 2255(b) operates like the twelve-year infancy provision in Pennsylvania law, which the Majority recognizes as a distinct limitation provision and not a tolling provision.
But regardless of whether the disability provision in § 2255(b) is thought of as a tolling provision or a limitation provision, the result is the same: Congress has expressly included one exception and, it seems, has done so deliberately and perhaps to the exclusion of other exceptions. The Majority acknowledges the general rule applied in TRW Inc. v. Andrews: “Where Congress explicitly enumerates certain exceptions to a general prohibition, *292 additional exceptions are not to be implied, in the absence of evidence of a contrary-legislative intent.” 534 U.S. 19, 28, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (internal quotation marks omitted). But my colleagues suggest that, for that rule to apply here, the disability provision in § 2255(b) would have to operate as a discovery rule or other “ ‘judge-made doctrine’ ” such as equitable estoppel. See Maj. Op. at 287 (quoting TRW, 534 U.S. at 31 n. 5, 122 S.Ct. 441). Although that reading comports with the result reached in TRW, where the Supreme Court refused to read a general discovery rule into a statute that explicitly included a limited discovery rule, the Supreme Court has taken a broader approach elsewhere.
In United States v. Brockamp, the Court declined to read equitable tolling into a statute that included a number of “explicit exceptions to its basic time limits,” including the provision of distinct limitation periods to account for unique factual scenarios. 519 U.S. 347, 351, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997). The Court explained that “those very specific exceptions do not include ‘equitable tolling.’ ” Id. The Court thus concluded that “the explicit listing of exceptions [and other aspects of the statute’s text] indicate to us that Congress did not intend courts to read other unmentioned, open-ended, ‘equitable’ exceptions into the statute that it wrote.” Id. at 352, 117 S.Ct. 849.
A sound argument can be made that that same rationale applies here. Congress appears to have considered the possibility that, when a civil cause of action is based on an injury inflicted on a minor, the general rule of starting the limitation period from the time of accrual could lead to inequitable results. Rather than allowing the courts to apply traditional judgednade equitable doctrines to resolve the issue, Congress may be seen as having adopted a separate limitation period for persons who are under a legal disability, such as infancy, to address the very concern that the statute of limitations would otherwise run during that period of disability. See 18 U.S.C. § 2255(b). That “explicit exception[ ]” to the basic time limit of § 2255(b) thus may indicate that “Congress did not intend courts to read other unmentioned, open-ended, ‘equitable’ exceptions into the statute that it wrote.” Brockamp, 519 U.S. at 351, 352, 117 S.Ct. 849.
That the objectives of § 2255(a) might be better served by adopting a more expansive limitation period, particularly in cases of child pornography or abuse leading to repressed memory, would not empower us to change a Congressional policy decision on how best to balance the competing objectives of vindicating the rights created in § 2255(a) and placing an outer time limit on such vindication for the sake of repose. Cf. Pension Trust Fund for Operating Engineers v. Mortgage Asset Securitization Transactions, Inc., 730 F.3d 263, 275 (3d Cir.2013) (“[T]he purpose of statutes of limitations is to prevent stale claims.... ”). In the end, however, it is not necessary for us to decide what can be discerned of Congressional intent on this point. The outcome for the claimant here is unaffected by the issue, for reasons persuasively set forth in the Majority opinion. I would therefore leave for another day the question of whether § 2255(b) permits application of the discovery rule.